### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**SYLVIA NEUENSCHWANDER**

      **Plaintiff,**

**v.**

**CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., ELWIN BROWN, and ZURICH AMERICA INS., CO.,**

      **Defendants.**

**CIVIL ACTION**

**Case No: 08-2124-JAR-DJW**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Allow Telephonic Depositions (doc. 50). The Motion is fully briefed and, thus, is ripe for consideration. For the reasons set forth below, the Motion is granted.

### I.     BACKGROUND

Plaintiff brought this lawsuit against Defendant Elwin Brown and his employer Defendant Clean Harbors Environmental Services, Inc., and their insurance carrier, Defendant Zurich America Ins. Co.[1] Plaintiff alleges that Defendant Brown, while acting within the course and scope of his employment with Defendant Clean Harbors, negligently, recklessly, willfully, and with wanton disregard for the safety of others, drove a tractor-trailer combination through a 20 mile-per-hour business district at 60 miles-per-hour and through a stop sign and flashing stop light.[2] Plaintiff further alleges that as a result of Defendant Brown's conduct, the tractor-trailer combination that he was driving struck the vehicle being operated by Plaintiff, which was lawfully stopped at the

---

[1] *See* Compl. (doc. 1) at ¶¶ 2, 3, 4 and 8.

[2] *See id.* at ¶¶ 6 and 8.

intersection waiting to make a left turn.[3] Plaintiff claims that Defendant Clean Harbors is vicariously liable under the doctrine of *respondeat superior* for Defendant Brown's actions, and that Defendant Clean Harbors was negligent in, *inter alia*, allowing Defendant Brown to drive without proper qualifications, conducting an inadequate background check and application investigation, failing to properly update driving records, failing to keep an active file, and failing to keep proper log books.[4]

Plaintiff served a Notice to Take Depositions Duces Tecum of Jeanette DiSangro and Katella McGill on Defendants on February 17, 2009.[5] The notice states that the depositions are to take place by telephone, and also asks the witnesses to produce and have available during the depositions certain documents, including the complete personnel file of Defendant Brown.[6] According to Plaintiff, Ms. DiSangro and Ms. McGill were identified as witnesses in Defendants' Rule 26 initial disclosures.[7] Plaintiff states that Defendants identified Ms. DiSangro as a witness concerning the contents of Defendant Brown's personnel file, and identified Ms. McGill as a witness concerning Defendant Brown's Department of Transportation physicals and medical certificate.[8]

After Plaintiff served her Notice to Take Depositions Duces Tecum on Defendants, Defendants' counsel informed Plaintiff's counsel that he would not agree to the depositions being

---

[3] *See id.* at ¶ 7.

[4] *See id.* at ¶¶ 8 and 10.

[5] *See* Notice to Take Deps. Duces Tecum (doc. 43).

[6] *See id.*

[7] *See* Mot. to Allow Telephonic Deps. (doc. 50) at ¶ 1.

[8] *See id.* at ¶¶ 2 and 3.

taken by telephone.[9]  Plaintiff then filed her Motion seeking to allow the depositions to proceed by telephone.

## II. STANDARD

Under Fed. R. Civ. P. 30(b)(4), "[t]he parties may stipulate - or the court may on motion order - that a deposition be taken by telephone or other remote means."  In order to depose a witness by telephone, the deposing party must provide the court with a legitimate reason for taking the deposition by telephone.[10]  One such legitimate reason is the desire to save money.[11]  Once the deposing party has presented the court with a legitimate reason to conduct the deposition by telephone, the burden then shifts to the deponent to demonstrate why the deposition should proceed by a more traditional method.[12]  In determining whether to allow the deposition to proceed by telephone, "[t]he court must consider whether the use of telephonic means would reasonably ensure accuracy and trustworthiness, and whether the opposing party would be prejudiced."[13]

## III. ANALYSIS

Plaintiff, as the party seeking to conduct the depositions by telephone, must provide the court with a legitimate reason for taking the depositions by telephone.  In support of her Motion, Plaintiff argues that allowing the depositions of Ms. DiSangro and Ms. McGill to proceed by telephone will

---

[9] *See* Defs.' Resp. to Pl.'s Mot. to Allow Telephone Deps. (doc 56) at ¶ 9.

[10] *See Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D. Kan. 1996) (citing *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986).

[11] *See id.* (finding the plaintiff's desire to save money a legitimate reason to conduct depositions by telephone).

[12] *See id.* (citing *Jahr*, 109 F.R.D. at 431).

[13] *Id.* (citing *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 447 (W.D. Mich. 1993)).

enable Plaintiff to avoid undue cost and consumption of time.[14]  The Court finds that the desire to avoid undue cost and consumption of time constitutes a legitimate reason for taking the depositions by telephone.

Because Plaintiff presented the Court with a legitimate reason to conduct the depositions by telephone, the burden shifts to Defendants to demonstrate why the depositions should proceed by a more traditional method.  Defendants argue that the depositions cannot be conducted by telephone without considerable confusion because the deponents were asked to produce and will be questioned about certain documents, including the entire personnel file of Defendant Brown.  Defendants also argue that the documents requested by Plaintiff would be produced at the respective offices of the witnesses, located in Massachusetts and South Carolina.  Defendants claim they do not understand how Plaintiff's attorney will be able to question the witnesses from his office in Kansas about documents produced in Massachusetts and South Carolina.  Finally, Defendants argue that if the testimony of these two witnesses is, as Plaintiff claims, important, then Plaintiff's counsel "should deem the depositions to be important enough to take the depositions face to face with the witnesses . . . ."[15]

The Court is not persuaded by Defendants' arguments that the depositions must proceed by a  more traditional method.  Defendants have not demonstrated how conducting these depositions by telephone would jeopardize the accuracy and trustworthiness of the depositions or that it would prejudice Defendants.  The documents identified in Plaintiff's Notice to Take Depositions Duces Tecum constitute a clearly defined set of documents: the entire personnel file of Defendant Brown,

---

[14] *See* Mot. to Allow Telephonic Deps. (doc. 50) at ¶ 8.

[15] Defs.' Resp. to Pl.'s Mot. to Allow Telephonic Deps. (doc. 56) at ¶ 8.

including all Department of Transportation physicals, all medical information pertaining to any Department of Transportation physical and/or requirements of Defendant Brown, and any health and safety information related to the employment of Defendant Brown.[16]  Since Plaintiff is prepared to conduct these depositions and to question Ms. DiSangro and Ms. McGill about these documents without a face-to-face encounter, the Court will allow Plaintiff to proceed by telephone.  In addition, the Court notes that Plaintiff has no objection to Defendants' counsel appearing in person at the depositions.  Thus, Defendants' counsel is free to question the witnesses in person if he feels the need to clarify any matters or to avoid any prejudice.

In sum, if Plaintiff's counsel is prepared to conduct the depositions by telephone, then the Court sees no reason why he should not be allowed to do so, and Defendants' counsel is certainly welcome to attend the depositions in person if he feels that is necessary to avoid any potential confusion or prejudice.  The Court also notes that allowing the depositions to proceed by telephone as permitted by Fed. R. Civ. P. 30(b)(4) furthers the purpose of the Federal Rules of Civil Procedure, which seek "to secure the just, speedy, and inexpensive determination of every action and proceeding."[17]  Accordingly, the Court concludes that allowing Plaintiff's counsel to conduct the depositions of Ms. DiSangro and Ms. McGill by telephone would enable Plaintiff to avoid undue cost and consumption of time, would reasonably ensure accuracy and trustworthiness, and would not prejudice Defendants.

---

[16] *See* Ex. A attached to the Notice to Take Deps. Duces Tecum (doc. 43).

[17] Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Allow Telephonic Depositions (doc. 50) is granted.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of May 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties